UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BARBARA BOLLING | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY COMMON COUNCIL OF | ) | |
| CITY OF GARY, MICHELLE | ) | |
| FAJMAN, in her official capacity as | ) | |
| Director of Lake County Board of | ) | CAUSE NO.: |
| Elections and Registration, and | ) | |
| LAKE COUNTY BOARD OF | ) | |
| ELECTIONS AND | ) | |
| REGISTRATION | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**INTRODUCTION**

Comes now Barbara Bolling ("Mrs. Bolling"), by counsel, William R. Groth, BOWMAN & VLINK, LLC and Tracy A. Coleman, COLEMAN LAW GROUP LLC and files her complaint against the Gary Common Council of City of Gary ("Defendant Council"), Michelle Fajman, Director of Lake County Board of Elections (Defendant Fajman") and Lake County Board of Elections and Registration (Defendant LCBER)

The Gary Common Council for the City of Gary ("Defendant Council") had the responsibility of establishing new election districts for the election of the six members of the Gary Common Council who are elected from separate, single-member districts. Defendant Council failed to comply with its statutory obligation of redistricting following the 2020 federal decennial census and, as a result, Council districts are not substantially equal in population. With the December 31, 2022, deadline for Defendant Council to redistrict having passed, Indiana law, Ind. Code § 3-5-10-7(a)(6), prohibits Defendant Council from redistricting absent a court order finding

the current plan unconstitutional or unlawful. This malapportionment in the six current single-member districts not only violates Indiana law, but also violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.  Mrs. Bolling, a resident and registered voter who resides in the City of Gary, Lake County, Indiana seeks appropriate injunctive and declaratory relief.

## JURISDICTION, VENUE, CAUSE OF ACTION

1.  This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C §§ 2201, 2202.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.  This action is brought pursuant to 42 U.S.C. §1983to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

5.  This Court has jurisdiction of the supplemental state claim pursuant to 28 U.S.C. § 1367 in that the claims brought pursuant to Indiana law and the United States Constitution are so related that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

6.  Plaintiff Mrs. Bolling is an adult resident and registered voter who lives in the City of Gary, Lake County, Indiana, and votes in what is currently Council District 3.

7.  The Gary Common Council is the legislative body for the City of Gary and was responsible for dividing the city into six districts by December 31, 2022 and failed to do so.  Defendant Council is a nine-member body with six of those nine members elected in districts, and three elected at large.

2

8.  Defendant Michelle Fajman is the Director of the Lake County Board of Elections and Registration and is a necessary party to this action.

9.  The Lake County Board of Elections and Registration oversees elections in Lake County, Indiana and is a necessary party to this action.

## LEGAL BACKGROUND

10. Indiana Code § 36-4-6-3 (b) provides,

> The legislative body shall adopt an ordinance to divide the city into six (6) districts that:
> **(1)** are composed of contiguous territory, except for territory that is not contiguous to any other part of the city;
> **(2)** are reasonably compact;
> **(3)** do not cross precinct boundary lines, except as provided in subsection (c) or (d); and
> **(4)** contain, as nearly as is possible, equal population.

11. Indiana Code §36-4-6-3(g) provides:  Except as provided in subsection (j), the division under subsection (b) shall be made only at times permitted under IC 3-5-10.

12. Indiana Code §33-5-10-7 provides:

> (D) For a municipality that conducts its municipal elections in:
> (i) an even numbered year;  or
> (ii) both an even numbered year and an odd numbered year;  only during the first year after the federal decennial census is conducted.  However, a body described in clauses (A) through (D) that has not completed the redistricting on March 1, 2022, has until December 31, 2022 to redistrict the election districts from the 2020 decennial census.

13. Pursuant to state law, redistricting shall occur "during the second year after a year in which a federal decennial census is conducted," and not later than December 31, 2022.

14. The Defendant Council did not comply with Indiana law to redistrict the six districts before December 31, 2022 and therefore Court intervention is necessary to remedy the current malapportionment of those six districts.

## FACTUAL ALLEGATIONS

15.  The population of Gary, Indiana, declined over the past decade as reflected in the 2020 census.

16.  Council members are elected for terms of four years.

17. On information and belief, the 2020 census provided that the populations of the six single-member Council districts are as follows:

District 1:  12,414

District 2:  12,154

District 3:  12,016

District 4:  11,607

District 5:   9,651

District 6:  11,251

18. The total deviation is 24%. The "'total deviation' is determined by adding the deviation from the average population of the six districts of the district with the largest population to the deviation of the district with the smallest population." *Vigo County Republican Cent. Comm. v. Vigo County Commissioners*, 834 F. Supp. 1080, 1083 n.5 (S.D. Ind. 1993).

19. This total deviation is more than a "minor deviation from mathematical equality" and demonstrates a prima facie case of discrimination that must be justified by the Council, and it renders the current districts presumptively unconstitutional. *Brown v. Thompson,* 462 U.S. 835, 842-43 (1983); *Conner v. Finch,* 431 U.S. 407, 418 (1977).

20. Despite this knowledge, Defendant Council did not engage in redistricting following the 2020 Census.

21.  The primary election is scheduled on May 2, 2023, and the general election November 7, 2023.

22.  The last date for candidates to register to be a candidate in the primary election is February 3, 2023 at noon.

4

23. Mrs. Bolling is a registered voter who resides in Council District 3 and who regularly votes in elections for the Council, who plans to vote in future elections, and who desires to have a vote that is equal to that of the votes of other voters in the City of Gary.

24. However, in elections for the Council, Mrs. Bolling and other voters in overpopulated Districts 1, 2, and 3 have less voting strength than voters in Districts 5 and 6 which are underpopulated.

25. Accordingly, Mrs. Bolling's vote has been diluted and she objects to this.

26. Mrs. Bolling is being caused irreparable harm for which there is no adequate remedy at law.

27. At all times Defendant Council has acted under color of state law.

28. As the entity charged by Indiana law with conducting elections in Lake County, the LCBER's involvement and input will be necessary to implement any remedy ordered by this Court, and for this reason is named as a defendant along with its Director Michelle Fajman, pursuant to FRCP 19(a)(1)(A), as the Court cannot accord complete relief to Mrs. Bolling in their absence.

29. The lack of substantial equality of population among the districts from which members of the Council are elected deprives Mrs. Bolling as well as other citizens of the City of Gary, of their First Amendment right to free speech and the right to have a vote that is approximately equal in weight to other voters in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

30. The failure of Defendant Council to redistrict following the 2020 census also violates Indiana Code §§ 36-4-6-3(g) and 3-5-10-7(a).

31. Mrs. Bolling has no adequate remedy at law and will suffer irreparable harm if a preliminary injunction prohibiting the Board from holding an election in the malapportioned districts that dilute her vote and those of other Gary voters who live in currently underpopulated districts.

32. Mrs. Bolling has at least some likelihood of success on the merits.

33. The public interest will be served by holding any future elections for the Council in districts that are of substantially equal population as required by the equal protection clause of the Fourteenth Amendment.

34. An emergency exists in that the current candidate filing deadline is noon, February 3, 2023, the deadline for candidate withdrawals is February 10, 2023, and the deadline for mailing absentee ballots is March 18, 2023.

35. Mrs. Bolling incorporates her Verified Motion for Temporary Restraining Order and Preliminary Injunction along with her Motion for Emergency Hearing with this Verified Complaint.

### COUNT I – VIOLATION OF EQUAL PROTECTION AGAINST DEFENDANT COUNCIL – 42 U.S.C. §1983

36. Mrs. Bolling repeats and realleges the preceding paragraphs of this complaint as if they were fully set out in this Count.

37. Defendant Council violated Mrs. Bolling's right when it failed to redistrict pursuant to Indiana law before December 31, 2022 in violation of the Equal Protection Clause of the Fourteenth Amendment.

38. By failing to redistrict as required by law, Defendant Council is depriving Mrs. Bolling of the right to vote in a Council district which complies with Indiana law.

**WHEREFORE**, Mrs. Bolling, demands judgment against Defendant Council, plus the costs of this action, attorney fees, and any additional relief this Court deems equitable and just.

6

## COUNT II – VIOLATION OF FIRST AMENDMENT RIGHT AGAINST DEFENDANT COUNCIL 42 U.S.C. §1983

39. Mrs. Bolling repeats and realleges the preceding paragraphs of this complaint as if they were fully set out in this Count.

40. Defendant Bolling has been a registered voter in Gary, Lake County, Indiana for approximately 50 years.

41. The right to vote represents freedom of speech which allows Mrs. Bolling to vote for the candidates in her Council district which she believes will serve the best interest of her community.

42. By failing to redistrict the six districts pursuant to Indiana law, Defendant Council is requiring Mrs. Bolling to vote for candidates who may not reside in the district where she resides.

43. That there is no adequate remedy at law without the Court's intervention.

**WHEREFORE**, Mrs. Bolling demands judgment against Defendant Council, plus the costs of this action, attorney fees, and any additional relief this Court deems equitable and just.

## COUNT III – REQUEST FOR DECLARATORY JUDGMENT

44. Mrs. Bolling repeats and realleges the preceding paragraphs of this complaint as if they were fully set out in this Count.

45. Defendant Council had up to and including December 31, 2022 to redistrict the six Council districts based on the 2020 federal decennial census as required by Indiana law.

46. Defendant Council failed to redistrict as required by law before December 31, 2022.

47. By Defendant Council failing to redistrict, Mrs. Bolling is being harmed.

48. Mrs. Bolling requests that the Court impose a map which meets the requirements of Indiana law and the Fourteenth Amendment based on Gary's population under the 2020 federal decennial census.

WHEREFORE, Mrs. Bolling moves that the Court enter a declaratory judgment that Defendant Council has violated the United States Constitution and Indiana law by failing to redistrict before December 31, 2022, enter judgment against Defendant Council, impose a new map with districts that are substantially equal in population, order Defendant Council to pay the costs of this action, attorney fees, and award any additional relief this Court deems equitable and just.

## COUNT IV – REQUEST FOR PRELIMINARY INJUNCTION

49.  Mrs. Bolling repeats and realleges the preceding paragraphs of this complaint as if they were fully set out in this Count.

50. That Defendant Council had up to and including December 31, 2022 to redistrict the six districts based on the 2020 federal decennial census as required by Indiana law.

51. That Defendant Council failed to redistrict as requirement by law.

52. Mrs. Bolling hereby submits alternative proposed maps with this complaint which have districts substantially equal in population and comply with Indiana law. (Map A and Map B)

53. Mrs. Bolling moves that the Court preliminary restrain and enjoin the LCBER from conducting any elections under the current malapportioned map.

WHEREFORE, Mrs. Bolling moves that the Court enter a preliminary injunction, later to be made permanent, prohibiting the LCBER from conducting any further elections under the currently malapportioned map, and Defendant Council to adopt a map that complies with the United States Constitution and Indiana law;  suspend and expand pre-election election deadlines,

8

if necessary, in order to conduct the 2023 primary election for the Gary Common Council under

a districting plan that complies with the federal constitution and Indiana law; and award all other

just and proper relief, including costs and attorneys' fees pursuant to 42 U.S.C. §1988.

Respectfully submitted,
/s/ William R. Groth
William R. Groth, 7325-49
BOWMAN & VLINK, LLC
3719 S. East Street, Suite A
Indianapolis IN 46227
Phone: (317) 353-9363
Email: wgroth@fdgtlaborlaw.com
*Attorney for Plaintiff*

*/s/*Tracy A. Coleman
Tracy A. Coleman, 19733-45
COLEMAN LAW GROUP LLC
P.O. BOX 641262
Gary, IN 46401
219-689-8589
Email:  attycolemanfederalcases@yahoo.com
*Attorney for Plaintiff*