UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA BOLLING<br>Plaintiff,<br><br>vs.<br><br>GARY COMMON COUNCIL OF<br>CITY OF GARY, MICHELLE<br>FAJMAN, in her official capacity as<br>Director of Lake County Board of<br>Elections and Registration, and<br>LAKE COUNTY BOARD OF<br>ELECTIONS AND<br>REGISTRATION<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CAUSE NO.: 2:23-cv-00032<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, GARY COMMON COUNCIL OF CITY OF GARY'S,
BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
AN AWARD OF ATTORNEY FEES AND LITIGATION EXPENSES**

Come now, the Defendant, Gary Common Council of the City of Gary, (hereinafter referred to as "Council"), by counsel, Rinzer Williams III, and files its Brief in Opposition to Plaintiff, Barbara Bolling's Motion for an Award of Attorney Fees and Litigation Expenses and states as follows:

**I. Relevant Procedural History**

On February 22, 2023, this Honorable Court entered final judgment and order in favor of the Plaintiff Barbara Bolling and against the Gary Common Council. It further adjudged that Plaintiffs may petition the Court for her fees and costs pursuant to 42 U.S.C. §1988. On March 3, 2023, Plaintiff by counsel, subsequently filed her Motion for Attorney fees and Brief in support of said fees. The filing requested Thirty-Five Thousand Eight Hundred and Forty Dollars ($35,840) for Attorney William Growth and Forty Thousand Two Hundred and Forty-Nine Dollars and Fifty Cents ($40,249.50) for Attorney Tracy A. Coleman. The total request for reimbursement of fees

1

for both Attorneys is Seventy-Six Thousand and Eighty-Nine Dollars and Fifty Cents ($76,089.50).

## II. Legal Standard

"In calculating reasonable fees under 42 U.S.C. §1988, the United States Supremes Court plainly has indicated that the lodestar method is the preferred way to do so and has rejected exclusive reliance upon *Johnson* factors." *Barker v. City of West Lafayette,* 878 N.E.2d 230, 232 (2007) (citing *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

> "The resultant figure, referred to as the lodestar amount may be modified upward or downward, depending on the following considerations: (1) The time and labor required; (2) the novelty and difficulty of the questions (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience reputation and ability of the attorneys; (10) the undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar case." *Lynch v. City of Milwaukee,* 747 F.2d 423, 426 (7th Cir. 1984).

Thes factors are known as the *Johnson* factors. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, (5th Cir. 1974).

"The *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation." *Blanchard v. Bergeron,* 489 U.S. 89, 94 (1989). A deviation from the lodestar may be warranted "in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should

2

expect in light of the hourly rates charged and that the success was "exceptional." *Blum v. Stenson*, 465 U.S. 898, 899 (1984).

> "Under the Civil Rights Attorney's Fees Awards Act, the fee applicant bears burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate; applicant should exercise billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

### III.  Argument

While Defendant concedes that Plaintiff is the prevailing party for the purposes of 42 U.S.C. §1988, Plaintiff has not submitted sufficient evidence to support her request for Seventy-Six Thousand and Eighty-Nine Dollars and Fifty Cents ($76,089.50) in fees and costs.

The Court should exclude from the fee calculations hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Cases may be overstaffed, and... Counsel for the prevailing party should make a good faith effort to exclude from a fee request, hours that are excessive, redundant, or otherwise unnecessary." *Id.*  When reviewing Plaintiff's Counsel's fees requests no such good faith effort was made.  In the affidavits of Counsel, both Counsels' bills for secretarial work of copying pleadings, process server fees of service, and other secretarial or paralegal services at their full hourly rates.  Some entries include legal research, email communications, conference call, discussion of preparation for hearing, research and preparation, etc. which the Court in *H.J. inc. v. Flygt Corp*, deemed was improper as a district court could not determine with certainty whether they were related to this litigation and therefore documentation was inadequate.  925 F. 2d 257, 260 (8th Cir. 1991).

In reviewing Counsels' billing it appears to be inaccurate.  On Attorney Coleman's bill she indicated initial call to discuss case was made on January 20, 2023; while Attorney Groth appears to have started working on the case as early as January 18, 2023.  Attorney Groth began

3

research and work on the "Complaint" on January 19, 2023 but Attorney Coleman began "preparation of pleadings and research on the legal issues involved" on January 21, 2023. Attorney Groth began "proofreading the pleadings on January 22, 2023" but Attorney Coleman did not start drafting the pleadings until January 24, 2023.

A district court may exercise discretion in determining that the hours claimed were not reasonably expended. *Lynch v. City of Milwaukee,* 747 F.2d 423,427 (7th Cir. 1984). Counsels' billing sheds light on gross overstaffing practices. As of the date of the filing of Counsels' fee affidavits this matter had only been open for thirty-seven (37) calendar days. Yet counsel has billed for a collective total of 140.85 hours, including travel time. Defendant does not challenge the experience of Counsels for the Plaintiff. However, it does find it suspect that there was a need to spend in excess of twenty (20) hours of research on a subject of law they alleged to be experts in warranting hourly fees of five hundred and fifty dollars ($550) per hour and six hundred dollars ($600) per hour.

Counsel for the Defendant also points out Counsel bills different times for the same conferences they had together on January 27, 2023, and January 31, 2023. There are also duplicative services when it came to attending Hearings. Both Attorneys chose to appear for all Hearings in person. Due to this decision, Attorney Groth billed for an unnecessary ten (10) hours of travel time at his normal rate.

> "If a high priced, out of town attorney renders services which local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service." *Johnson v. Lafayette Fire Fighters' Ass'n Local 472,* 857 F. Supp 1292, 1298 (N.D.Ind.1994).

By the *Johnson* standard and Counsels own Affidavits both counsels were more than qualified to independently handle the hearings yet chose to bill time and travel for both.

4

Counsels have also failed to show hour their hourly fees are reasonable compared to other Attorneys in the area. In their brief, Counsels provided examples or fees awarded in district cases primarily in Northern District of Illinois, which is based in Chicago Illinois. No cases referenced were from anywhere in the state of Indiana.  Chicago Illinois is notorious for being multiple time more expensive than Indiana in all aspects and therefore cannot be directly compared to Indiana. Defendant reiterates, while the *Blum supra.* Court did find deviation may be warranted if the applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged, the Plaintiff has failed to meet this burden.

It has also been noted that this court possesses superior understanding of the litigation, and this particular understanding would include knowledge of the prevailing rates charged in the area and the amount of time it would be reasonable to expend in accomplishing the work done.  *Lynch v. City of Milwaukee,* 747 F.2d 423,428 (7th Cir. 1984).  Defendant asks that the Court draw upon its own knowledge of the market rate in Hammond Indiana as done in *Lynch Supra* and *Johnson v. Lafayette Fire Fighters' Ass'n Local 472,* 857 F. Supp 1292, 1298 (N.D.Ind.1994).

### IV.    Conclusion

Simply put, hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley supra.* Based on the arguments made above this Honorable Court cannot award Plaintiff the total requested reimbursement of fees for both Attorneys in the amount of Seventy-Six Thousand and Eighty-Nine Dollars and Fifty Cents ($76,089.50).  Defendant requests that this Honorable Court set this matter for hearing in order for the Court and the parties to determine what if any fees are reasonable.

5

WHEREFORE, the Defendant, Gary Common Council of the City of Gary, by counsel, Rinzer Williams III, respectfully request that this Court set this matter for hearing and/or reduce Plaintiff's requested fees in accordance with appropriate law and for all other just and proper relief in the premises.

Respectfully Submitted,

/s/ Rinzer Williams III
Rinzer Williams, III
Attorney No. 29773-45
3637 Grant Street, Ste 3
Gary, Indiana 46408
Phone: 219 884-6000
Fax: 219 884-1733
Attorney for Defendant
Gary Common Council of the City of Gary

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of March 2023, service of a true, correct and complete copy of the foregoing pleading and/or paper was made upon all counsel of record via the Court's Pacer system and/or via United States regular mail with the proper postage affixed to:

| | |
|---|---|
| William R. Groth, # 7325-49 | Tracy A. Coleman, # 19733-45 |
| Bowman & Vlkink, LLC | Coleman Law Group, LLC |
| 3719 S. East Street, Suite A | P.O. Box 641262 |
| Indianapolis, IN 46277 | Gary, IN 46401 |
| Phone; (317) 353-9363 | Phone: (219) 689-8589 |
| Email: wgroth@fdgtlaborlaw.com | Email:attycolemanfederalcases@yahoo.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

Respectfully Submitted,

/s/ Rinzer Williams III
Rinzer Williams, III
Attorney No. 29773-45
3637 Grant Street, Ste 3
Gary, Indiana 46408
Phone: 219 884-6000
Fax: 219 884-1733
Attorney for Defendant
Gary Common Council of the City of Gary